

# Missouri Court of Appeals

## Southern District

### Division One

DAVID G. DENNY and LINDA DENNY, )
Trustees of the David G. Denny and )
Linda J. Denny Revocable Trust )
Dated June 17, 2003, )
                                       )
     Appellants/Respondents, )
                                       )
     v. )     No. SD33782 and SD33789
                                       )            Consolidated
REGIONS BANK, )
d/b/a REGIONS MORTGAGE, )
and FEDERAL NATIONAL )     FILED: January 25, 2016
MORTGAGE ASSOCIATION, )
                                         )
     Respondents/Cross-Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Mark E. Fitzsimmons, Judge

### REVERSED AND REMANDED

The Dennys appeal and Respondents cross-appeal from a summary judgment declaring their respective ownership interests in foreclosure-sold real estate (the "Property"). Each side charges trial court error in finding that the other has any interest in the Property. We grant Respondents' first point, deny the Dennys' points, reverse the judgment, and remand for further proceedings.

## Pre-litigation Timeline

In 2003, the Dennys, married owners of the Property, conveyed it into their revocable trust.

Two years later, the Dennys as trustees[1] quitclaimed the Property to relatives, the Richardsons, via deed ("Deed") stating that "Grantors reserve unto themselves a life estate in the land conveyed by this Deed."

Two years after that, the Richardsons granted Respondent Regions Bank ("Bank") a deed of trust on the Property to secure a loan. The Dennys did not sign the note or deed of trust. Bank's title insurance commitment and lender's title policy noted and excepted the life estate mentioned in the Deed.

In 2012, for default on the Richardson loan, the Property was sold at a non-judicial foreclosure sale without prior written notice to the Dennys. Bank purchased the Property at foreclosure and deeded it to Respondent FNMA.

## Trial Court Proceedings

The Dennys as trustees[2] sued to (1) quiet their title to a life estate in the Property, and (2) invalidate Respondents' interest in or to any part of the Property. Respondents denied the Dennys' claims and counterclaimed for judgment declaring, *inter alia*, that Respondents' title was superior to any interest of the Dennys.

---

[1] Specifically, the Deed identified "DAVID G. DENNY and LINDA J. DENNY, as Trustees of the David G. Denny and Linda J. Denny Revocable Trust, dated June 17, 2003" as "Grantor" (also sometimes "Grantors").

[2] "COME NOW Plaintiffs, David G. Denny and Linda J. Denny, Trustees of the David G. Denny and Linda J. Denny Revocable Trust dated June 17, 2003, by and through their attorneys ...," to quote the Dennys' petition, which identified the Dennys the same way in its style.

On cross-motions for summary judgment and as relevant to this appeal,[3] the trial court made these findings:

- The Dennys were "acting as Trustees of their Trust" in deeding the Property to the Richardsons "with language that expressly included 'Grantors reserve unto themselves a life estate in the land conveyed by this Deed.'"

- The Dennys, by such language, intended to convey the Property "subject to the lives of David Denny and Linda Denny personally, husband and wife."

- The Dennys were not provided notice of the foreclosure sale.

- That FNMA holds title "subject to the Life Estate of Plaintiffs David and Linda Denny personally," and again that "FNMA does have title, but that title is subject to the Life Estate of Plaintiffs David G. Denny and Linda J. Denny, personally."

The court then entered summary judgment that "Defendant FNMA's title to the Subject Property is upheld subject to the Life Estate of David G. Denny and Linda J. Denny, personally."

Respondents moved to amend or correct the judgment, claiming in part there was no basis in the record, or under the Dennys' petition or summary judgment motion, to declare that the Dennys hold a life estate personally. The trial court denied that and other post-judgment motions. These cross-appeals followed.

### Respondents' Point I – Reservation of Life Estate for the Dennys Personally

Respondents' above-cited complaint, renewed on appeal, is well taken and reason enough to reverse and remand without reaching Respondents' other points.

---

[3] Disposition of claims the Dennys pleaded against parties other than Respondents is not at issue in this appeal.

3

It is beyond cavil that the Dennys' trustee vs. personal capacities differ legally, and in this circumstance materially. The Dennys exhibited their understanding of this truth at least four times. First, to put the Property into their trust in 2003, they deeded it from themselves personally to themselves as trustees. Second, they filed the underlying action only in their trustee capacities, not as individuals. Third, they asserted in their own summary judgment suggestions (emphasis ours):

> Clearly, the land is readily ascertainable and Grantors' desire equally clear that "Grantors reserve unto themselves a life estate" in that land. Exhibit A at page 1. Again, referencing Exhibit A at page 2 thereof, the "Grantors" are David G. Denny and Linda J. Denny executing in their capacities before a Notary "***as Trustees*** of the David G. Denny and Linda J. Denny Trust dated June 17, 2003." See Exhibit A at page 2.

Fourth, and perhaps most tellingly as to the Dennys' understanding and intent, they again urged in their own summary judgment suggestions (emphasis ours):

> In the instant case the deed (Exhibit A) clearly evidences an intent by the Grantors to transfer title reserving continued use and possession in themselves ***as Trustees in their Trust. This intent should and must be given effect***.

For that matter, the judgment that the Dennys hold a life estate personally lacks record support in two respects: (1) that they intended to hold such estate personally, not as trustees; and (2) even assuming such intent, that they took appropriate legal action to accomplish this (contrast their 2003 deed of the Property *into* their trust).

The record does not support the summary judgment entered. We need not reach Respondents' alternative challenges to the judgment or speculate whether the Dennys could prevail on any claim for life estate at a full-blown trial on remand.

4

## The Dennys' Points

These two points charge that the foreclosure sale was void and passed nothing to Respondents because the Dennys as life estate holders did not (1) sign or consent to the Richardson note or deed of trust, or (2) receive actual notice of the foreclosure sale pursuant to RSMo § 443.325. We are skeptical about standing,[4] but both points are easier to deny on their merits.

Per black-letter law, a life estate and remainder are independently alienable estates. A "remainderman can sell his or her remainder interest in the property but cannot convey the life tenant's interest." 28 Am. Jur. 2d *Estates* § 347.[5] A vested remainder such as the Richardsons held "may pass by a deed of trust or mortgage." *Id*. A vested remainderman "may mortgage his interest during the continuance of the preceding estate" as the Richardsons did, 31 C.J.S. *Estates* § 111, and even a contingent remainder, if mortgaged, may be foreclosed upon "prior to the happening of the contingency on which the remainder is to vest." *Id*.

Both of the Dennys' points thus fail. The Richardsons could mortgage their estate in the Property; the Dennys' non-involvement did not render such lien void; and failure to notify the Dennys of that foreclosure did not void the sale as to any Richardson interest in the Property.

---

[4] The trial court's determination "allowing FNMA a valid title interest, is now the subject of Plaintiffs Denny's Point I," to quote their brief, which expresses similar sentiments as to their Point II and throughout its arguments. Yet the challenged determination affected only the Richardson remainder, an estate in which the Dennys do not (and on this record could not) claim any interest.

[5] All authorities cited herein were accessed electronically via Westlaw or Lexis.

Although we deny the Dennys' points, we still must reverse and remand as to the entire judgment since it erroneously declares that FNMA's title is subject to a life estate of the Dennys personally. A party seeking to quiet title in its favor must show its good title as against the action's other parties. ***Sharp v. Crawford***, 313 S.W.3d 193, 199 (Mo.App. 2010). Because we reversed on the life estate issue, title to the Property cannot be quieted or declared as between the parties until that issue is resolved on remand.

## Conclusion

We grant Respondents' first point. It was error to find and declare that the Dennys hold a life estate personally as husband and wife on this summary judgment record. Given the interrelatedness of claims and issues, this error requires us to reverse the entire judgment as to these parties and remand for further proceedings consistent with this opinion.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS